957 F.2d 911
 139 L.R.R.M. (BNA) 2807, 140 L.R.R.M. (BNA) 2120,
294 U.S.App.D.C. 162
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
CONTINENTAL AIRLINES, INC., Air Micronesia, Appellants,
v.
NATIONAL MEDIATION BOARD
 Nos. 91-5189, 91-5190.
 United States Court of Appeals, District of Columbia Circuit.
 March 17, 1992.
 
 Before WALD, SENTELLE and KAREN LeCRAFT HENDERSON, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was considered on the record and on the briefs and oral argument of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 Continental Airlines, Inc., and Continental/Air Micronesia appeal from a final order of dismissal issued by the United States District Court. Appellants contend that the National Mediation Board (NMB) did not fulfill the requirements of the Railway Labor Act (RLA), 45 U.S.C. § 152, Ninth, when it conducted an investigation of an election held by the Union of Flight Attendants to gauge member opinion on a merger with the International Association of Machinists and Aerospace Workers (IAM). The NMB responds that § 152, Ninth, governs its investigation of requests by unions to transfer their certification to reflect a merger, and that the NMB's investigation and subsequent certification transfer fully complied with the requirements of § 152, Ninth. We have repeatedly noted that court review of NMB decisions is "one of the narrowest known to the law." IAM v. TWA, 839 F.2d 809, 811 (D.C.Cir.1988). Congress established the NMB to be the body primarily responsible for handling disputes arising under the RLA. As the District Court properly noted below, Congress's intent that the NMB retain broad discretion over matters arising under the RLA allowed the Court merely a "peek at the merits" to determine whether the NMB committed a gross violation of the statute. Continental Airlines, Inc. and Continental/Air Micronesia v. National Mediation Board, No. 91-796, June 11, 1991, at 3, quoting Teamsters v. Bhd. of Ry. Clerks, 402 F.2d 196, 205 (D.C.Cir.), cert. denied, 393 U.S. 848 (1968). From the opinion below and the record, it is abundantly clear that the trial judge satisfied his obligation to "peek" and no more. Consistent with this standard of review and our precedent, it is
 
 
 3
 ORDERED and ADJUDGED that the grant of defendant's motion to dismiss or for summary judgment is affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).